```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:11-00174

**MARVIN LEE FORD**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to inform the jury of a mandatory minimum sentence, filed October 14, 2011.

On July 19, 2011, the United States filed a single-count indictment charging defendant with the knowing possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(e).

On November 22, 2011, the court held a pretrial motions hearing attended by counsel for both parties and the defendant. The record includes the court's oral ruling denying the instant motion. This memorandum opinion and order sets forth the court's analysis respecting that ruling.

Defendant requests that the jury be informed that a guilty verdict will require a 15-year mandatory minimum sentence pursuant to section 924(e). He relies principally upon the discussion found in a case that is no longer a part of federal decisional law, namely, <u>United States v. Polizzi</u>, 549 F. Supp. 2d

308 (E.D.N.Y. 2008), a decision reversed by the United States Court of Appeals. See 564 F.3d 142 (2d Cir. 2009).

Recognizing the infirmity of relying directly upon the district court's analysis, he focuses instead upon "the Supreme Court cases cited in Polizzi . . . [that] reaffirm a citizen's Sixth Amendment right to a trial by jury, including the right of a jury to be properly informed of the mandatory minimum sentence." (Def.'s Mem. in Supp. at 3).

Defendant essentially concedes that controlling Fourth Circuit precedent eviscerates his expansive reading of the more recent Sixth Amendment line of cases that includes Booker v. United States, 543 U.S. 220, 233 (2005). (See Def.'s Mem. in Supp. at 9 ("Fourth Circuit Precedent on This Issue is Outmoded.")). It is also the case that his position fails in light of settled Supreme Court precedent. See, e.g., Shannon v. United States, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder

2

matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.").

The court is required to follow controlling Supreme Court precedent under circumstances such as those presented here, without suggesting its implicit demise. See, e.g., Agostini v. Felton, 521 U.S. 203, 237 (1997)("We reaffirm that '[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'") (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989)); see also Columbia Union Coll. v. Clarke, 159 F.3d 151, 158 (4th Cir. 1998).

It is, accordingly, ORDERED that the motion to inform the jury of a mandatory minimum sentence be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to defendant, all counsel of record and any unrepresented parties.

DATED: December 9, 2011

_____
John T. Copenhaver, Jr.
United States District Judge